

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

<table>
<tr><td>Patricia McLane<br>Assistant United States Attorney<br>Patricia.McLane@usdoj.gov</td><td>Suite 400<br>36 S. Charles Street<br>Baltimore, MD 21201-3119</td><td>DIRECT: 410-209-4942<br>MAIN: 410-209-4800<br>FAX: 410-962-0717</td></tr>
</table>

January 11, 2025

The Honorable Julie R. Rubin
United States District Court Judge
District of Maryland
Edward A. Garmatz United States District Courthouse
101 W. Lombard Street
Baltimore, MD 21201

      Re:    Sentencing in *United States v. Darnell Smith,*
             Crim. No. JRR-23-0002

Dear Judge Rubin:

      The Defendant, Darnell Smith, is scheduled for a Rule 11 hearing on January 17, 2025. The parties are requesting the Court proceed to sentencing immediately afterwards. The Government offers this brief sentencing letter to provide additional information regarding the charge and the Defendant in the absence of a presentence report. In sum, the Government believes an upward variant sentence of **36 months' imprisonment** is sufficient but not greater than necessary to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## I. UNITED STATES SENTENCING GUIDELINES

      The Defendant shall enter a plea of guilty to Count One, Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g). The parties calculated the offense level as **14** pursuant to United States Sentencing Guidelines ("U.S.S.G.") §2K2.1(a)(6)(A) because the Defendant has one prior felony conviction. The parties further agree that a **two-level enhancement** applies pursuant to §2K2.1(b)(4) because the firearm was stolen. Therefore, the adjusted offense level is **16**.

      A two-level decrease shall apply for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a); and the Government shall move for an additional level off for timely notice of acceptance under §3E1.1(b). Accordingly, the final offense level is **13**.

      The Government, relying on the pre-trial report issued for the initial appearance, to determine the Defendant's criminal history. *See* Attachment A – under seal. The Defendant has two convictions in 2020, specifically, wearing/carrying a handgun and possession with intent to

distribute marihuana. *Id.,* pg. 3. The Defendant served approximately 3 days in jail before ultimately receiving concurrent suspended sentences. *See* Circuit Court for Baltimore City, Case No. 119357030. The Circuit Court placed him on probation, which was to expire on September 3, 2023.[1] The Government therefore believes the Defendant has a criminal history level of II.

The guidelines are 15 to 21 months' incarceration. The Defendant has been incarcerated since his arrest in this matter on November 17, 2022.

A sentence of 36 months is a variant sentence but one appropriate after considering the factors pursuant to 18 U.S.C. § 3553(a). Specifically, the facts that the Defendant had two handguns in is possession on November 17, 2022; he had keys to, and use of, a stolen vehicle; and there was approximately 2 pounds of marijuana in the vehicle, along with $20,300. This was not a simple gun case. This was a habitual gun offender who escalated his criminal activity while on probation for essentially the same crime, and an upward variant sentence is sufficient but not greater than necessary to achieve the goals of sentencing.

Moreover, the Government is foregoing a conviction on Count Three, 18 U.S.C. § 924(c) which has a mandatory/minimum sentence of 60 months. To sentence him according to the firearm guidelines would neither reflect the true magnitude of the crime nor be sufficient to satisfy the 3553(a) factors.

## II. THE RELEVANT SECTION 3553(a) FACTORS

A sentence of 36 months' imprisonment is sufficient but not greater than necessary to achieve the purposes of sentencing under Section 3553(a). A period of incarceration is necessary to provide just punishment, afford adequate deterrence, and protect the public. The Government believes this sentence is sufficient but not greater than necessary.

### A. Nature and Circumstances of the Offense, the Seriousness of the Offense, and the Need to Protect the Public from Further Crimes of the Defendant

The nature and circumstances of the offense are serious. Several law enforcement agencies were investigating a black Jeep Grand Cherokee SRT (SRT) with stolen Maryland tags 94071CJ. On November 17, 2022, officers saw the Defendant enter the driver's side of the SRT at 811 Concorde Circle in Linthicum Heights, Maryland. Officers detained the Defendant and the SRT. They searched the Defendant and recovered from inside his waistband a Glock, Model 30, .45 caliber pistol loaded with 15 .45 caliber rounds; the also recovered the keys to the SRT from the Defendant's right front pants pocket, and $12,600 from his left front pants pocket.

Inside the SRT officers found a loaded Glock, Model 23 Gen 4, .40 caliber pistol with 13 .40 caliber rounds and $7,700 inside the center console. They also recovered a red and black DTLR bag filled with two heat-sealed plastic bags containing marihuana, weighing a total of approximately 2.35 pounds.

---

[1] The Defendant has a violation of probation hearing set in this case on February 14, 2025.

And the Defendant committed all these crimes while on probation for the exact same crime. A slap on the hand like he received for the crimes he committed in 2020 is not going to deter the Defendant, nor will it protect the public, as required under this 3553(a) factor.

### B. History and Characteristics of the Offender

The Defendant has two prior adult convictions for possession of a handgun and possession with intent to distribute marihuana. The need for services is apparent, at the very least job training so he does not return to drug sales, like he did after his state conviction. The pre-trial report does not include any disability, obstacle, or mitigation for why the Defendant could not contribute to society in a positive way. The fact that he continued to possess firearms and large quantities of marihuana while on probation shows that release at this time is not warranted. 36 months' incarceration will provide time for the Defendant to focus on a career and gain important skills to prosper upon release.

To his credit, the Defendant's admission of guilt saves the Government time and resources. While it is not a quick acceptance, the plea is a large reason why the Government is forgoing the mandatory 60 months' incarceration and believes a sentence of 36 months' imprisonment is appropriate.

### C. The Need to Afford Adequate Deterrence.

Taking deterrence into account, the Government hopes a 36-month sentence is the appropriate sentence in this case. The Defendant has never served any time in prison prior to his arrest in November 2022. This amount of incarceration is warranted because of the seriousness of the crime he admits to committing, and is significant for a man of 21 who had previously never served any time.

Further, imposing a 36-month sentence promotes general deterrence while not being greater than necessary. This sentence tells others that if you are given a second chance, take it. A third chance is not a guarantee. Under all these circumstances, a 36-month sentence is the appropriate sentence in this case to reflect the Defendant's history and characteristics and to afford adequate deterrence.

### IV. CONCLUSION

For these reasons, the Government respectfully submits that variant sentence of 36-months' imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under Section 3553(a).

Very truly yours,

Erek L. Barron
United States Attorney

_____/s/_____
Patricia McLane
Assistant United States Attorney